CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 16, 2025

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00503 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DALTON A. ROSE, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless Jr. ("Plaintiff"), a Virginia inmate who is proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 on July 28, 2025, in the United States District Court for the Western District of Virginia against several individuals ostensibly associated with the Washington County Circuit Court and Washington County Sheriff's Office. (*See* Compl. [ECF No. 1].)  This matter is now before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff alleges that, while at a Petro Truck Stop on May 31, 2023, Defendants—he doesn't identify which of the seven he listed—unlawfully arrested, entrapped, defamed, and imprisoned him, stole his private property, falsified evidence against him, and abused their authority. (Compl. 2.) Furthermore, Plaintiff alleges that Defendants—again, he doesn't specify which—have negligently abused their authority and process from May 31, 2023, through the present time. (*Id.*) Plaintiff fails to identify which Defendant engaged in which allegedly wrongful acts, and, aside from a general listing of the Defendants on a form complaint, fails to mention them in his pleading.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claims unless "'it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief.'" *Shaw v. Foreman*, 59 F.4th 121, 126–27 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting

under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting

*West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based

upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th

Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has failed

to allege facts that would show that any defendant violated his constitutional rights, and the

court must therefore dismiss his claims.

To state a claim under § 1983, a plaintiff must allege a personal connection between

each defendant's actions and the denial of his constitutional rights. *See id.*; *Vinnedge v. Gibbs*,

550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that

the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)).

Plaintiff did not allege a personal connection between any of the Defendants and the alleged

violation of his rights, and he cannot rely merely on the allegation that "defendants" violated

his rights without specific allegations as to each of their conduct that allegedly gives rise to

liability. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F.

Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint

must state facts that support a cause of action against each individual defendant. Blanket

conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare

allegations relating to the conduct of all defendants to hold a defendant liable, but must

identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)).

Because Plaintiff has failed to allege individual actions by any Defendant that allegedly violated

his rights, he has failed to state a claim.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 16th day of September, 2025.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE