CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY GENE HARLESS, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 7:25-cv-00503 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DALTON A. ROSE, *et al.*, ) | By: Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against several employees of the Washington County Sheriff's Office, the Glade Spring Police Department, and the Washington County Circuit Court. (*See* Am. Compl. [ECF No. 7].) After filing an amended complaint, Plaintiff filed a proposed order, suggesting that the court order Defendants to appear for a preliminary injunction hearing and imposing a general restraining order on multiple Defendants. (*See* Pl.'s Mot. for TRO and Prelim. Inj. [ECF No. 8].) The court construes Plaintiff's filing as a motion for temporary restraining order ("TRO") and preliminary injunction.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders and preliminary injunctions. Such remedies, however, are "extraordinary and drastic" and are "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations and internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2

F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (explaining it is "unnecessary to address all four factors when one or more had not been satisfied"). And in the context of state prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded 'wide-ranging deference' by the federal courts." (citations omitted)).

Plaintiff's motion does not set forward any facts showing that he is likely to succeed on the merits of his claims, that he is likely to suffer irreparable harm absent preliminary injunctive relief, that the balance of equities favors an injunction, or that injunctive relief is in the public interest. Accordingly, he has not shown that he is entitled to a TRO or preliminary injunction against any Defendant, and his motion seeking such relief (ECF No. 8) will be **DENIED**.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 21st day of October, 2025.

                        */s/ Thomas T. Cullen*
                        HON. THOMAS T. CULLEN
                        UNITED STATES DISTRICT JUDGE