CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 18, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY GENE HARLESS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00503 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DALTON A. ROSE, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Dalton A. Rose, Dekota W. Carrico, Dustin W. Tilson, Sgt. Yonts, Josh Cumbow, Marianne Woolf, and Jimmie Hess. (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' motions to dismiss (ECF Nos. 35, 37, 40, 45), three motions for leave to file amended complaints by Harless (ECF Nos. 48, 54, 75), and several ancillary motions by the parties.[1] For the following reasons, the court will deny as moot the first and second motions to amend, deny the second motion to amend, grant the motions to dismiss, and deny as moot the remaining motions.

## I.    BACKGROUND

This matter stems from Harless's arrest in May 2023 and subsequent related criminal proceedings. (ECF No. 75-1 at 6–7.)[2] Rose, Carrico, Tilson, and Youts are law enforcement

---

[1] The ancillary motions include Defendants' motion to stay discovery (ECF No. 52) and several motions filed by Harless: a motion to compel (ECF No. 56), two motions to introduce exhibits of discovery (ECF Nos. 60 69), a motion for a mediation hearing (ECF No. 61), a motion for discovery and a protective order (ECF No. 71), a motion seeking the intervention of the United States attorney general, *see* Fed. R. Civ. P. 5.1(c) (ECF No. 74), and a motion for a jury trial (ECF No. 82.)

[2] As noted, Harless has filed three motions for leave to file an amended complaint which remain pending. Upon review, the allegations in Harless's proposed amended complaints (ECF Nos. 49, 54-1, 75-1) largely mirror those in his current amended complaint (ECF No. 7.) But for convenience and completeness purposes, the

officers who arrested Harless. (*Id.* at 4–7.) Cumbow, the Commonwealth's Attorney for Washington County, and Woolf, a Deputy Commonwealth's Attorney in that office, prosecuted Harless in the subsequent criminal proceedings. (*Id.* at 2, 7.) Hess served as court-appointed counsel for Harless. (*Id.*). Harless makes the following factual allegations in his current amended complaint and his latest proposed amended complaint, which the court accepts as true when analyzing the motions to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

On May 31, 2023, at 2:38 a.m., Rose, with the assistance of the other law enforcement officers, arrested Harless while he was asleep and "legally" parked in the "rest area" of a Petro truck stop in Glade Spring, Virginia. (ECF No. 75-1 at 5–6.) According to Harless, this arrest was "unlawful" and led to certain "willful media publicity" that "defamed" and "slandered" him. (*Id.* at 6.) Harless also claims that the officers "falsif[ied] evidence" against him and that the arrest resulted in the warrantless and "unlawful search and seizure" of Harless's "private property." (*Id.*) As to Cumbow, Woolf, and Hess, Harless accuses them of "intentional misconduct . . . from May 31, 2023, to the present date." (*Id.* at 7.)

On July 18, 2025, Harless executed his initial complaint. (ECF No. 1 at 3.) After screening the complaint under 28 U.S.C. § 1915A, the court determined that Harless had "failed to allege individual actions by any Defendant that allegedly violated his rights" (ECF No. 5 at 3), and ordered Harless to file an amended complaint within 30 days correcting this deficiency (ECF No. 6). On September 26, 2025, Harless executed his amended complaint (ECF No. 7 at 11), which is the operative pleading. After Defendants filed their motions to

---

court will refer chiefly to Harless's most recent proposed amended complaint (ECF No. 75-1) for the factual background of this case.

dismiss (ECF Nos. 35, 37, 40, 45), Harless filed three motions for leave to further amend his complaint (ECF Nos. 48, 54, 75).[3] Defendants oppose his request. (ECF Nos. 51, 62, 79, 81.)[4]

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[3] Although Harless was provided notice of the motions to dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*see* ECF Nos. 39, 47), he did not file any response in opposition.

[4] Harless's three proposed amended complaints are substantially identical to one another. (*See* ECF Nos. 49, 54-1, 75-1.) And because Harless appears to have intended his third motion to amend to supersede his first two, the court will deny as moot the first and second motions to amend. *See Thomas v. Utah Transit Auth. Police Dep't*, No. 2:24-cv-00736, 2025 WL 2912558, at *3 (D. Utah Oct. 14, 2025) (denying as moot *pro se* plaintiff's third motion to amend where the plaintiff "filed a fourth motion to amend which supersedes it.")

A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

For organizational purposes, the court will address Harless's third motion to amend before addressing the parties' other motions.

### A. Motion to Amend

In pertinent part, the Federal Rules of Civil Procedure require courts to "freely give leave [to amend a party's pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has instructed district courts "to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2020). But leave to amend is properly denied if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile if it "is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or "if the claim it presents would not survive a motion to dismiss," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Defendants argue that Harless's third motion to amend should be denied because it is futile. (ECF Nos. 79, 80.) In support, Defendants first argue that Harless's claims against Rose, Carrico, Tilson, and Yonts are time-barred under the applicable statute of limitations. (ECF No. 79 at 3; ECF No. 80 at 1.) Defendants also argue that Cumbow and Woolf are protected by prosecutorial immunity from Harless's claims. (ECF No. 79 at 3.) Finally, Defendants generally argue that Harless's third proposed amended complaint would not survive a Rule 12(b)(6) challenge. (*See id.*; *see also* ECF Nos. 36, 38, 41, 46.) Because the court agrees that the

third proposed amended complaint would not survive a Rule 12(b)(6) challenge, it need not—

and will not—address Defendants' other arguments.

Harless's factual allegations as stated in his proposed third amended complaint are as

follows:

> While at the Petro Truck stop, "rest area," legally parked, an[d] asleep, 2:30 a.m., on May 31, 2023, Washington County Sheriff's Office, arresting officer Deputy Dalton A. Rose, with [the] assistance of Washington County Deputies Dekota W. Carrico, Dustin W. Tilson, an[d] Glade Spring, VA Police Department Sgt. James Yonts, all acting under color of state law, [each] conspired [to conduct] a[n] unlawful arrest of [Harless] . . . , also a willful entrapment of [Harless] . . . leading to unlawful imprisonment of [Harless] [and] causing willful media publicity [that] defamed [and] slander[ed] [Harless], intentional misconduct putting [Harless's] private [information] in jeopardy, Defendants all willful[ly] falsif[ied] evidence, [committed] intentional misconduct of unlawful search and seizure of private property without [a] warrant[], with [a] list of property still to this very day . . . .
> . . .
> Defendants Josh Cumbow, Marianne Woolf, [and] Jimmie Hess, [] acting under the color of state law, . . . [committed] intentional misconduct [against] the U.S. Const[itution], from May 31, 2023, to the present date, [such as] willfull neglect in abuse of authority, willful abuse of process, willful neglect of discovery for inspection in a piece-meal process, willful neglect in production of exculpatory evidence, [and] willful misrepresentation under sworn oath, sufficient evidence [of which is] filed in the Washington County Circuit Court House.

(ECF No. 75-1 at 6–7.)

These allegations fail to state a claim upon which relief can be granted. Apart from

stating that his arrest occurred at a specific truck stop and at a particular date and time, Harless

has proffered no factual support for his claims against Rose, Carrico, Tilson, and Yonts. And

apart from claiming that Cumbow, Woolf, and Hess committed various misconduct from May

31, 2023, to the present, Harless has stated no factual allegations against these Defendants.

Instead, Harless merely provides "legal conclusions couched as facts," which do not suffice to state a plausible claim for relief. *Wag More Dogs, Ltd. Liab. Corp. v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (citing *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Iqbal*, 556 U.S. at 677–78 (noting that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Twombly*, 550 UI.S. at 555)). Although it is conceivable that Defendants acted as Harless claims, a plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible" to survive a motion to dismiss, which Harless has failed to do. *Twombly*, 550 U.S. at 570. And even though Harless is proceeding *pro se*, this "'does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a [] claim.'" *Agbaje v. Hargrave Mil. Acad.*, 328 F. Supp. 3d 539, 544 (W.D. Va. 2018) (quoting *Knowles v. S.C.D.C.*, No. 2:09-19210MBS, 2010 WL 19901574, at *3 (D.S.C. July 29, 2010)).[5]

For these reasons, the court concludes that Harless's third proposed amended complaint would fail a Rule 12(b)(6) challenge. Amendment would be futile, so Harless's third motion to amend (ECF No. 75) will be denied.

---

[5] In his third proposed amended complaint, Harless references certain video and audio recordings, police reports, hearing transcripts, and other documents which supposedly "prove beyond a reasonable doubt . . . every constitutional [and] civil rights" claim he brings against Defendants.(ECF No. 75-1 at 7.) But Harless does not describe these recordings and documents, and the court is therefore unable to determine whether they would provide factual support for Harless's claims. And although he has filed some of the documents elsewhere on the docket (*see* ECF No. 60-1), Harless does not explain their significance to any of his claims (*see id.*), and such significance is not otherwise apparent to the court.

**B. Motions to Dismiss**

Having determined that Harless's third motion to amend will be denied, the court turns to Defendants' motions to dismiss. (ECF Nos. 35, 37, 40, 45.) Upon review, Harless's amended complaint raises substantially identical allegations as his third proposed amended complaint (*see* ECF Nos. 7, 75-1) which the court already determined would fails Defendants' Rule 12(b)(6) challenge. Accordingly, for the reasons stated above, the court will grant Defendants' motions to dismiss. As Harless has already had multiple chances to plead actionable claims, the court will  dismiss Harless's claims in their entirety and will deny as moot the parties' remaining motions.

## IV.    CONCLUSION

For the reasons stated above, the court will deny as moot Harless's first and second motions for leave, deny Harless's third motion for leave, grant Defendants' motions to dismiss, dismiss Harless's claims in their entirety, and deny as moot the parties' remaining motions.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 18th day of June, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE